United States District Court
Southern District of Texas
**ENTERED**
October 15, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:18-366-1 |
| | § | |
| **DOROTEO IRUEGAS,** | § | |
|   Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Doroteo Iruegas' Motion for Relief from Order, wherein he moves the Court to reconsider its prior order denying compassionate release based on the current COVID-19 pandemic. D.E. 54. For the reasons set forth below, his motion is **DENIED**.

## I. BACKGROUND

Defendant, by counsel, previously moved the Court for compassionate release based on extraordinary and compelling circumstances because he feared contracting COVID-19 while in prison. The Court denied the motion, explaining:

> Defendant does not identify any underlying medical condition that would make him particularly vulnerable to severe illness or death should he contract COVID-19.[1] The BOP also has not

---

[1]. According to the Centers for Disease Control and Prevention, older adults (age 65 and above) and people of any age who have certain underlying medical conditions are at higher risk for severe illness from COVID-19. *People with Certain Medical Conditions*, CDC (Oct. 6, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. People of any age with the following conditions *are* at increased risk of severe illness from COVID-19: Cancer, Chronic kidney disease; COPD (chronic obstructive pulmonary disease); Immunocompromised state from solid organ transplant; Obesity; Severe Obesity; Serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies; Sickle cell disease; Smoking; and Type 2 diabetes mellitus. People with the following conditions *might be* at an increased risk for severe illness from COVID-19: Asthma (moderate-to-severe); Cerebrovascular disease; Cystic fibrosis; Hypertension; Immunocompromised state from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines; Neurologic conditions, such as dementia; Liver disease; Overweight; Pregnancy; Pulmonary fibrosis; Smoking; Thalassemia; and Type 1 diabetes mellitus..

1

> determined that any other extraordinary and compelling reason exists to support Defendant's release, nor has it certified that Defendant poses no danger to the community, that he is at no substantial risk of engaging in criminal conduct if released, or that his release to home detention will result in a substantial net reduction of costs to the Federal Government.

D.E. 52, p. 4.

In his pro se motion to reconsider, Defendant argues that his retained counsel failed to demonstrate that Defendant had exhausted his administrative remedies. He also identifies the following additional extraordinary and compelling reasons warranting compassionate release: (1) the Bureau of Prisons' (BOP) action plan has failed to combat the spread of COVID-19; (2) Defendant has been exposed to COVID-19; (3) despite exhibiting symptoms, the BOP refuses to test him for COVID-19, its antibodies, or related health conditions; and (4) he is therefore more susceptible to the second wave of COVID-19 this fall.

## II. ANALYSIS

The Court did not previously find that Defendant had failed to exhaust his administrative remedies. He has nonetheless offered evidence that on May 5, 2020, he submitted a request to the warden at FCI Butner to be considered for a sentence reduction based on a debilitating medical condition and COVID-19, but his request was denied. D.E. 55, pp. 1–2. His appeal of the warden's decision was also denied. *Id.*, pp. 3–5.

Defendant has offered the medical records of a fellow inmate who tested positive for SARS-CoV-2, the novel coronavirus that causes COVID-19, in April 2020. D.E. 55, pp. 12–13. He has also offered affidavits from two fellow inmates attesting that they

exposed Defendant to the virus in April 2020, and that he exhibited COVID-19 symptoms around the same time. *Id.*, pp. 9–11, 25–27. BOP Health Services, however, reported that Defendant made no sick call complaints between February and July 2020. D.E. 55, p. 22. In August 2020, he completed an Inmate Sick Call Sheet complaining that, since experiencing COVID-19 symptoms, he has frequent headaches, difficulty breathing, sporadic and sometimes incessant coughing, and moderate to high pain. *Id*, p. 23. Assuming Defendant did previously contract the novel coronavirus, there is nothing to indicate that he ever became severely ill. He also still has not identified any underlying medical condition that would make him particularly vulnerable to severe illness or death from COVID-19 should he contract the virus a second time.[2]

As the Court previously explained, "'The Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner.' . . . 'General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence.'" D.E. 52, pp. 5–6 (quoting *United States v. Koons*, 2020 WL 1940570, at *4, *5 (W.D. La. Apr. 21, 2020)). Based on the evidence submitted, the Court finds that Defendant has again failed to meet his burden of showing that extraordinary or compelling reasons warrant his release.

---

2. According to the Centers for Disease Control and Prevention, "Reinfection with SARS-CoV-2 has not yet been definitively confirmed in any recovered persons to date. If, and if so when, persons can be reinfected with SARS-CoV-2 remains unknown and is a subject of investigation." *Duration of Isolation and Precautions for Adults with COVID-19*, CDC (Sept. 10, 2020), https://www.cdc.gov/coronavirus/2019-ncov/hcp/duration-isolation.html.

The Court further finds that the 18 U.S.C. § 3553(a) factors, as considered in the specific context of the facts of this case, do not warrant a reduction in sentence. Defendant has not provided his prison disciplinary history; however, his Presentence Investigation Report (PSR, D.E. 29) detailed an extensive criminal history, including numerous drug offenses. Besides the current offense of conviction for trafficking methamphetamine, Defendant's scored criminal history included convictions for possession of a controlled substance, possession of cocaine, and aiding and abetting to possess within intent to distribute methamphetamine. His unscored criminal history included additional convictions for possession of marijuana (three convictions), possession of cocaine (three convictions), evading arrest/detention (four convictions), and deadly conduct. Releasing Defendant almost 10 years early, when he has served only 20% of his sentence, would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes.

## III. CONCLUSION

For the reasons set forth above, Defendant's Motion for Relief from Order (D.E. 54) is **DENIED**.

So **ORDERED** on this 15th day of October 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE