United States District Court
Southern District of Texas
**ENTERED**
March 26, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:18-366 |
| | § | |
| **DOROTEO IRUEGAS,** | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Doroteo Iruegas' Motion for Reconsideration of Compassionate Release or Reduction in Sentence Pursuant to 3582(c)(1)(A) and Appointment of Counsel. D.E. 62. For the reasons set forth below, his motion is **DENIED**.

## I. BACKGROUND

Defendant, by counsel, previously moved the Court for compassionate release based on extraordinary and compelling circumstances because he feared contracting COVID-19 while in prison. D.E. 51. The Court denied the motion on the grounds that "Defendant does not identify any underlying medical condition that would make him particularly vulnerable to severe illness or death should he contract COVID-19." D.E. 52, p. 4 (internal footnote omitted). Defendant then filed a pro se motion to reconsider, wherein he identified the following additional extraordinary and compelling reasons warranting compassionate release: (1) the Bureau of Prisons' (BOP) action plan has failed to combat the spread of COVID-19; (2) Defendant has been exposed to COVID-19; (3) despite exhibiting symptoms, the BOP refuses to test him for COVID-19, its antibodies, or related health

conditions; and (4) he is therefore more susceptible to the second wave of COVID-19 this fall. D.E. 54. The Court again denied relief, explaining:

> Assuming Defendant did previously contract the novel coronavirus, there is nothing to indicate that he ever became severely ill. He also still has not identified any underlying medical condition that would make him particularly vulnerable to severe illness or death from COVID-19 should he contract the virus a second time . . . Based on the evidence submitted, the Court finds that Defendant has again failed to meet his burden of showing that extraordinary or compelling reasons warrant his release.
>
> The Court further finds that the 18 U.S.C. § 3553(a) factors, as considered in the specific context of the facts of this case, do not warrant a reduction in sentence. Defendant has not provided his prison disciplinary history; however, his Presentence Investigation Report (PSR, D.E. 29) detailed an extensive criminal history, including numerous drug offenses. . . . Releasing Defendant almost 10 years early, when he has served only 20% of his sentence, would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes.

(D.E. 56, pp. 3–4 (internal footnote omitted)).

Defendant appealed the Court's denial of his motion to reconsider, but his appeal was denied after he failed to timely pay the filing fee. D.E. 60, 61.

In his current motion to reconsider, Defendant claims that his prior retained counsel failed to identify what medical conditions place Defendant at risk of COVID-19 complications and failed to raise meritorious issues supported by case law. Defendant also complains that the "jailhouse lawyer" who prepared his first motion to reconsider did no better. Using a different jailhouse lawyer, Defendant now asks the Court to consider the following issues that he failed to previously raise: (1) his obesity and history of smoking

and substance abuse place him at an increased risk of severe illness or death from COVID-19; (2) the COVID-19 conditions at FCI Butner are especially dangerous, and BOP staff are not in compliance with the COVID-19 action plan; (3) the harsh conditions of confinement increase the severity of his sentence; (4) he will live with his family and have fulltime employment upon release; (5) his prior convictions are "very old" and were all due to his substance abuse issues; and (6) he has engaged in significant post-conviction rehabilitation. If the Court decides against immediate release, Defendant moves for a four-year sentence reduction so that he may be considered for the Residential Drug Treatment Program (RDAP).

## II. ANALYSIS

As the Fifth Circuit recently explained:

> [C]ourts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. . . . But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.
>
> The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns. . . . Fear of COVID doesn't automatically entitle a prisoner to release.

*United States v. Thompson*, 984 F.3d 431, 434–35 (5th Cir. 2021) (collecting cases) (internal footnotes and citations omitted).

Defendant is 41 years old and has served 24% of his sentence. As of 2018, he "reported to be in good health and he denied any history of serious health problems." PSR,

D.E. 29, ¶ 63.  He has offered evidence that he is obese (BMI 31.5), which has been identified by the Centers for Disease Control and Prevention (CDC) as increasing the likelihood of severe illness or death from COVID-19. *People with Certain Medical Conditions*, CDC (Mar. 15, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

The *Thompson* court recently found that hypertension did not make an inmate's case extraordinary, despite causing an increased risk for COVID-19 complications, reasoning that "nearly half of the adult population in the United States suffers from hypertension." *Thompson*, 984 F.3d at 434. According to the CDC, the prevalence of obesity is 44.8% among adults 40 to 59 years. *Adult Obesity Facts*, CDC (Feb. 11, 2021), https://www.cdc.gov/obesity/data/adult.html. Like Thompson, Defendant also "can point to no case in which a court, on account of the pandemic, has granted compassionate release to an otherwise healthy defendant with [a] well-controlled, chronic medical condition[] and who had completed less than half of his sentence." *Id.* at 435.

Defendant next claims that the conditions at FCI Butner are "exceptionally dangerous," BOP staff are not in compliance with the COVID-19 action plan, and FCI Butner "currently has yet another COVID-19 outbreak on the complex." D.E. 62, p. 8. According to the BOP's website, however, there are currently zero active inmate cases and zero active staff cases at FCI Butner Medium I, where Defendant is housed. *See* https://www.bop.gov/coronavirus/ (last visited Mar. 22, 2021).

Defendant further complains that "the harsh and very dangerous conditions of the Covid-19 pandemic that were unforeseen by the court at [his] original sentencing increases

4

the severity of his sentence." D.E. 62, p. 9. According to Defendant, "The prison stays on modified lockdown with limited recreation, programming, and medical." *Id.* at 10. With respect to motions for compassionate release based on COVID-19, "the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person." *United States v. Koons*, 455 F. Supp. 3d 285, 291 (W.D. La. 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

Defendant also emphasizes that he has been incident-free while in custody, has completed two nonresidential drug programs, is working on his GED, and has completed other educational programs, including parenting classes and vocational training. While the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. n.1(B)(iii).

Finally, Defendant's assertion that his prior convictions are "very old" and were all due to his substance abuse issues does not alter the Court's opinion that the 18 U.S.C. § 3553(a) factors, as considered in the specific context of the facts of this case, do not warrant a reduction in sentence.

Accordingly, Defendant's third request for a sentence reduction is denied.

### III. MOTION TO APPOINT COUNSEL

Defendant further moves the Court to appoint counsel to "supplement his motion correctly." D.E. 62, p. 17. Because this Order denies his current motion, there is nothing to supplement. His motion to appoint counsel is therefore denied.

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion for Reconsideration of Compassionate Release or Reduction in Sentence Pursuant to 3582(c)(1)(A) and Appointment of Counsel (D.E. 62) is **DENIED**.

So **ORDERED** on __March 25, 2021_____.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE